IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

NOVAK'S SERVICE CENTER, LLC,
    Plaintiff,

v.                                                Case No.

STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY,
    Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Automobile Mutual Insurance Company ("State Automobile"), by and through the undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file its Notice of Removal of the action styled *Novak's Service Center, LLC, v. State Automobile Mutual Insurance Company*, Case No. 2025CV000547, from the Manitowoc County Circuit Court to the U.S. District Court for the Eastern District of Wisconsin, Green Bay Division. The grounds for removal are as follows:

**I.    The State Court Action**

1.    Plaintiff Novak's Service Center, LLC ("Novak") commenced the underlying action on December 23, 2025, on which it filed its Summons and Complaint in the Manitowoc County Circuit Court, styled *Novak's Service Center, LLC, v. State Automobile Mutual Insurance Company*, Case No. 2025CV000547 (the "State Court Action"). A true and correct copy of the Complaint is included as **Exhibit A** attached hereto.

2. Novak's Complaint alleges claims for breach of contract, bad faith, and statutory interest due to failure to timely pay claims under Wis. Stat. § 628.46 against State Automobile. (Compl. ¶¶ 9–21.)

3. State Automobile has not yet filed an answer in the State Court Action, and no answer is required to be filed until February 23, 2026.

4. A true and correct copy of the State Court Docket Sheet reflecting all filings to date is attached hereto as **Exhibit B**.

5. On January 7, 2026, State Automobile was served with a Summons and copy of the Complaint in connection with the State Court Action. A true and correct copy of the affidavit of service is attached as **Exhibit C**.

6. The attached documents constitute the only "process, pleadings and orders" in the State Court Action of which State Automobile is aware. *See* 28 U.S.C. § 1446(a).

## II. Grounds for Removal

7. This action is properly removed to this Court pursuant to 28 U.S.C. § 1441. There is complete diversity of citizenship between Novak and State Automobile. *See* 28 U.S.C. § 1332(a)(1). Furthermore, based on Novak's allegations of bad faith, which carry the possibility of punitive damages and attorney's fees, upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1446(b), State Automobile timely filed this Notice of Removal within one year of the filing of the Complaint and within thirty

days of State Automobile's receipt through service of a pleading or other paper in which State Automobile could ascertain that the case is removable.

### III. Procedural Requirements for Removal

8. The Complaint was served on State Automobile on January 7, 2026. Therefore, the removal of this action is timely in accordance with 28 U.S.C. § 1446(b) because the Notice of Removal was filed within thirty days of State Automobile's receipt of Novak's Complaint. *See* 28 U.S.C. § 1446(b).

9. Under 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal. State Automobile is the sole defendant, meaning no other defendant must consent to removal.

10. Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions, and orders that have been filed in the State Court Action are attached hereto as Exhibits A through C.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 130, 1391, 1441(a), and 1446(a) because this action was filed in the Manitowoc County Circuit Court, which is within the territory of the Eastern District of Wisconsin.

12. No previous application has been made for the requested relief.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Manitowoc County Circuit Court.

14. State Automobile has submitted the required filing fee to the Clerk of Court.

15. By filing this Notice of Removal, State Automobile does not waive any defense that may be available to it.

16. If any question arises regarding the propriety of the removal of this action, State Automobile respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removeable.

### A.  *Diversity of Citizenship*

17. This is an action with complete diversity of citizenship between Plaintiff and State Automobile. This Court has original jurisdiction over the State Court Action under federal diversity jurisdiction, 28 U.S.C. § 1332, which provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —
>
> (1) citizens of different States.

28 U.S.C. § 1332(a)(1).

18. Plaintiff Novak's Service Center, LLC is a company registered under the laws of Wisconsin with its principal place of business at 1320 Washington Street, Manitowoc, WI 54220.

19. Defendant State Automobile is a corporation registered under the laws of Ohio, with its principal place of business in Boston, Massachusetts.

### B.  *Amount in Controversy*

20. Upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A removing

defendant must show "what the plaintiff hopes to get out of the litigation," and "if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.").

21. The Complaint does not allege a total amount in controversy, but alleges causes of action for breach of contract, bad faith, and statutory interest due to failure to timely pay claims under Wis. Stat. § 628.46. (Compl. ¶¶ 9–21).

22. Under Wisconsin law, a bad faith claim exposes a defendant to potential liability for punitive damages. *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 696–97, 271 N.W.2d 368 (1978). When punitive damages are sought, the amount-in-controversy requirement is satisfied unless "it is clear beyond a legal certainty" that the plaintiff will not recover more than $75,000.00. *Jump v. Schaeffer & Assocs. Ins. Brokerage, Inc.*, 123 Fed. App'x 717, 720 (7th Cir. 2005) ("First the court determines whether punitive damages are recoverable as a matter of state law; if they are, subject matter jurisdiction exists unless it is clear beyond a legal certainty that the plaintiffs under no circumstances would be entitled to recover an amount sufficient to satisfy the jurisdictional amount."). Here, besides actual damages, the Complaint seeks a judgment "for punitive damages." (Compl. at 7.) Punitive damages recoveries for insurance bad faith claims are not capped at or below $75,000.00. *See* Wis. Stat.

§ 895.043(6) ("Punitive damages received by the plaintiff may not exceed twice the amount of any compensatory damages recovered by the plaintiff or $200,000, *whichever is greater.*" (emphasis added)). If awarded, punitive damages for Novak's bad faith claim could exceed the jurisdictional amount of $75,000.00.

23. Accordingly, the amount in controversy between Novak and State Automobile related to the allegations in the Complaint exceeds the $75,000.00 amount-in-controversy requirement for diversity jurisdiction.

## IV. Notice

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Manitowoc County Circuit Court and is being served on Novak.

## V. Conclusion

Defendant State Automobile hereby removes this case from the Manitowoc County Circuit Court, where it is now pending, to this Court and respectfully requests that this Court assume full jurisdiction of this action and place this action upon the docket of the Court for further proceedings.

Dated: January 28, 2026

Respectfully submitted,

MEISSNER TIERNEY FISHER & NICHOLS S.C.

*/s/ Michael J. Cohen*
Michael J. Cohen (SBN 1017787)
mjc@mtfn.com
David W. McCormack (SBN 1115460)
dwm@mtfn.com
111 E. Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202
Tel: (414) 273-1300
Fax: (414) 273-5840

*Counsel for Defendant, State Automobile Mutual Insurance Company*

Case 2025CV000547　　Document 2　　Filed 12-23-2025　　Page 3 of 8

FILED
12-23-2025
Clerk of Circuit Court
Manitowoc County, WI
2025CV000547

STATE OF WISCONSIN　CIRCUIT COURT　MANITOWOC COUNTY

NOVAK'S SERVICE CENTER, LLC
1320 Washington Street
Manitowoc, WI 54220,

         Plaintiff,

Case No.: 25-CV-____
Case Code: 30303

v.

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY
c/o Registered Agent Corporation Service Company
33 E. Main Street, Suite 610
Madison, WI 53703,

         Defendant.

---

## COMPLAINT

---

  NOW COMES the Plaintiff, Novak's Service Center, LLC, by its attorneys, Wallace Law, Inc., and alleges as follows:

### GENERAL ALLEGATIONS

  1. Plaintiff Novak's Service Center, LLC (hereinafter "Plaintiff") is a company licensed to do business in the State of Wisconsin with a principal office located at 1320 Washington Street, Manitowoc, WI 54220. Plaintiff also operates its business at 927 S. 8th Street, Manitowoc, WI 54220, which is the location of the loss giving rise to this action.

  2. Defendant State Automobile Mutual Insurance Company (hereinafter "Defendant") is an insurance company licensed to do business in the State of Wisconsin with a business address of 175 Berkeley Street, Boston, MA 02116, and has a registered agent for service of process listed as Corporation Service Company,

33 E. Main Street, Suite 610, Madison, WI 53703.

3. At all relevant times, Defendant issued an insurance policy to Plaintiff providing insurance coverage for fortuitous losses suffered by the business.

4. On or about July 16, 2025, Plaintiff's covered property suffered a direct physical loss when heavy rainfall overwhelmed the building's drainage system and caused water to enter the insured property, causing significant damage.

5. Plaintiff promptly filed a claim in accordance with its policy obligations.

6. Defendant denied coverage for the claim, asserting that the loss did not involve a covered cause of loss and attributing the damage to alleged workmanship, maintenance, and/or design issues.

7. Plaintiff disputes Defendant's coverage determination and contends that the loss falls within the coverage afforded under the policy.

8. Despite Plaintiff's efforts to provide information and request reconsideration of the denial, Defendant has refused to provide coverage for the loss, necessitating this action.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

9. Plaintiff incorporates herein, as if fully set forth, the above paragraphs.

10. Plaintiff and Defendant entered into a legally binding contract when Plaintiff purchased commercial business insurance.

11. Plaintiff upheld its end of the bargain and followed the policy's terms and conditions.

12. Pursuant to the above referenced insurance policy, Plaintiff, in a prompt and timely fashion, provided notice of the above-referenced loss to Defendant and its

agents and representatives, and has provided cooperation with respect to said claim, and all matters requested.

13. Despite cooperation by Plaintiff, Defendant, through its employees and representatives, has breached the insurance contract by failing, among other things, to do the following, which have been identified in this Complaint:

    A. Properly and timely adjust the claim including, but not limited to, conducting an impartial, diligent investigation, responding to requests of the insured in a timely fashion, and providing accurate information regarding the terms and conditions of the policies at issue;

    B. Refusing to issue timely payments of claims for the undisputed loss, including but not limited to, claims for the full loss of the covered peril;

    C. In various and sundry ways, including, but not limited to, delaying and obstructing efforts made to obtain timely payment of the claim and failing to undertake investigation with all reasonable dispatch and in other matters;

    D. Despite making reasonable demands upon Defendant and its employees and representatives to cure said deficiencies and to provide more information, Defendant has failed to respond in a timely fashion to cure said defects or to even respond at all;

    E. As a result of Defendant's breach of the contract of insurance at issue and non-compliance with Wisconsin law governing the insurance industry, Plaintiff has suffered and will continue to suffer as a direct and proximate result, damages and pecuniary losses including, but not limited to, those set forth in the Complaint;

    F. By failing to acknowledge and indemnify Plaintiff for all damages from the covered peril; and

    G. For other damages and injuries not identified above that Plaintiff has incurred or will incur as a result of the covered loss, to be shown at trial.

14. Plaintiff has suffered monetary and foreseeable damages as a result of Defendant's breach of contract to which they are entitled to the amounts not paid as well as consequential damages suffered as a result of Defendant's breach.

## SECOND CAUSE OF ACTION: BAD FAITH

15. Plaintiff incorporates herein, as if fully set forth, the above paragraphs.

16. By virtue of its contract of insurance and applicable Wisconsin law, certain express and implied duties and obligations are owed by Defendant, including, but not limited to:

   A. A duty of good faith and fair dealings;
   B. A duty to act in the insured's best interest;
   C. A duty to promptly acknowledge communications with respect to the claims;
   D. A duty to promptly perform claim investigation services;
   E. A duty to provide necessary information and instructions to the insured for compliance and submission of said claims;
   F. A duty to attempt in a good faith to effectuate a fair and equitable settlement of the claims;
   G. A duty to provide prompt and reasonable explanation of the basis for the policy and applicable law for any delay and/or denial of benefits;
   H. A duty to refrain from requiring their insured to initiate a lawsuit to recover amounts due and owing under the policy;
   I. A duty to promptly pay any irrefutable loss in a timely fashion;
   J. A duty to provide certified copies of policies and statements taken of their insured in a timely fashion;
   K. A duty to properly represent the terms and conditions of the policy; and
   L. A duty to honor express and oral commitments to its insureds, including, but not limited to, payment for coverage and the like.

17. Defendant, through the acts and omissions of its employees and representatives, has breached said duties and obligations to Plaintiff.

18. Despite the reasonable efforts, cooperation and compliance of Plaintiff, Defendant, through its actions and omissions of its employees and representatives, has breached the implied covenant of good faith and fair dealing, by, among other things, intentionally, wantonly, willfully, or with reckless disregard for the rights of Plaintiff, refusing to pay amounts in accordance with the insurance policy in a timely

fashion and in the absence of a reasonable basis for not paying these amounts, and it has failed to proceed in a manner that is honest and informed, thus constituting bad faith.

19. As a direct and proximate result of Defendant's aforementioned bad faith, Plaintiff is entitled to recover all its damages resulting from said conduct and further described herein.

### THIRD CAUSE OF ACTION: WISCONSIN TIMELY PAYMENT OF CLAIMS; WIS. STAT. § 628.46

20. Plaintiff incorporates herein, as if fully set forth, the above paragraphs.

21. Wis. Stat. § 628.46 requires an insurer, like Defendant, to promptly pay every insurance claim. A claim shall be overdue if not paid within thirty days after the insured has furnished written notice of the fact of a covered loss and the amount of the loss. Defendant was furnished written notice of the fact of a covered loss and the amount of that loss and did not promptly pay the full amount of the loss. Therefore, Plaintiff is entitled to 7.5% interest from the dates that written notice of the fact of a covered loss and the amount of the loss was provided to Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. For judgment in the amount of the actual damage sustained by the Plaintiff;
B. For judgment awarding additional monies reasonably and necessarily incurred by the Plaintiff;
C. For all contractual benefits owing under the policy;
D. For extra-contractual damages in the amount of the Plaintiff's actual reasonable attorney's fees, costs, and disbursements;
E. For punitive damages;
F. For pre-judgment interest pursuant to Wis. Stat. § 628.46 and for post-judgment interest; and
G. For all the Plaintiff's statutory, taxable costs, and other relief the Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY A JURY OF 12 PERSONS**

Dated this 23rd day of December, 2025.

        WALLACE LAW, INC.

By: *Justin F. Wallace*
    Justin F. Wallace
    State Bar No.: 1069331
    Attorneys for Plaintiff Novak's Service Center, LLC

**MAILING ADDRESS**
1414 N. Taylor Drive, Suite 200
Sheboygan, WI 53081
Telephone: (920) 276-8320
justin@wallaceinsurancelaw.com

# Manitowoc County Case Number 2025CV000547 Novak's Service Center, LLC vs. State Automobile Mutual Insurance Company

## Case summary

| | | |
|---|---|---|
| **Filing date** | **Case type** | **Case status** |
| 12-23-2025 | Civil | Open - Electronic filing |
| **Class code description** | **Responsible official** | **Branch ID** |
| Other-Contract | Rohrer, Mark R. | 1 |

## Party summary

| Party type | Party name | Party status |
|---|---|---|
| Plaintiff | Novak's Service Center, LLC | |
| Defendant | State Automobile Mutual Insurance Company | |

## Parties

### Plaintiff: Novak's Service Center, LLC

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 12-23-2025)**
1320 Washington Street, Manitowoc, WI 54220 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Wallace, Justin F. | No | 12-23-2025 |

### Defendant: State Automobile Mutual Insurance Company

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 12-23-2025)**
33 E. Main Street, Suite 610, c/o Corporation Service Co., Madison, WI 53703 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Cohen, Michael J. | No | 01-27-2026 |

## Court record

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 01-26-2026 | Notice of retainer | | | |

EXHIBIT B

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|

**Additional text:**

Attorney Michael J. Cohen to appear on behalf of Defendant

| | | | | |
|---|---|---|---|---|
| 01-26-2026 | eFiled Document Fee Paid | | | $35.00 |

**Additional text:**

Adjustment Number: 26A 022313,

Payable Number: 189797,

Receipt Number: 26R 001183,

Amount: $35.00

| | | | | |
|---|---|---|---|---|
| 01-08-2026 | Affidavit/Declaration of Service | | | |

**Additional text:**

Summons, Complaint, etc., served on - State Automobile Mutual Insurance Company on 1/7/26

| | | | | |
|---|---|---|---|---|
| 01-06-2026 | Electronic Filing Notice | | | |
| 01-06-2026 | Case Converted to Electronic Filing | | | |
| 01-06-2026 | Case removed from electronic filing process | | | |
| 12-30-2025 | Affidavit/Declaration of Service | | | |

**Additional text:**

On State Farm Mutual Automobile Insurance Company 12/30/25

| | | | | |
|---|---|---|---|---|
| 12-30-2025 | Notice of assignment of judge | | | |
| 12-30-2025 | Order assigning judge/judicial assignment order | Rohrer, Mark R. | | |
| 12-29-2025 | Application for specific judicial assign approved | Dewane, Robert | | |
| 12-29-2025 | Request for substitution | | | |
| 12-23-2025 | Filing fee paid | | | $300.50 |

**Additional text:**

Adjustment Number: 25A 265707,

Payable Number: 189069,

Receipt Number: 25R 018548,

Amount: $300.50

| | | | | |
|---|---|---|---|---|
| 12-23-2025 | Case initiated by electronic filing | | | |
| 12-23-2025 | Summons and complaint | | | |

**Additional text:**

with Exhibits

FILED
01-08-2026
Clerk of Circuit Court
Manitowoc County, WI
2025CV000547

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | MANITOWOC COUNTY |

NOVAK'S SERVICE CENTER, LLC.

v.                                                                          Case No. 25CV547

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

### AFFIDAVIT OF SERVICE

STATE OF WISCONSIN    )
                                            ) ss.
COUNTY OF DANE          )

Kamille Valenzuela-Sanchez, an adult resident of the State of Wisconsin, not a party to this action, being duly sworn under oath deposes and says that on January 7, 2026 at 11:06 AM, in the City of Madison, Dane County, Wisconsin, at *33 East Main Street, Suite 610*, **State Automobile Mutual Insurance Company** was served with an Authenticated copy of the Electronic Filing Notice, Summons, Complaint in the above-referenced matter by then and there leaving copies thereof with Dylan Hartnek, Legal Assistant, a person authorized to accept service on behalf of Corporation Service Company, Registered Agent of said corporation. Such copies were endorsed with my name, the date and time of service.

Subscribed and sworn to before me                                Kamille Valenzuela-Sanchez
The __8__ day of January, 2026                                     Process Server
                                                                                      Dane County Legal Notice, LLC
_Joanne Van Norman_                                                6041 Monona Drive, Suite 105
Notary Public, Dane County, WI                                  Madison, Wisconsin 53716
My Commission expires __8/7/28__                           (608)251-1181



**EXHIBIT C**